UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILLY OLIVER,

                Petitioner,                Case Number: 2:08-CV-12669

v.                                          HON. VICTORIA A. ROBERTS

DAVID BERGH,

                Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Billy Oliver a state inmate currently incarcerated at the Alger Maximum Correctional Facility in Munising, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his convictions on two counts of assault with intent to commit murder.  Respondent has filed a Motion for Summary Judgment and Dismissal of Petition for Writ of Habeas Corpus on the ground that Petitioner failed to comply with the applicable limitations period.  The Court finds that the petition was not timely filed and grants the motion.

### I.

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of two counts of assault with intent to commit murder.  On March 27, 1998, Petitioner was sentenced to two terms of twenty to forty years' imprisonment, to be served concurrently.

Petitioner filed an appeal of right in the Michigan Court of Appeals.  The Michigan Court of Appeals affirmed Petitioner's convictions.  *People v. Oliver*, No. 212122 (Mich. Ct. App. Jan. 16, 2001).  Petitioner did not file an application for leave to appeal in the Michigan Supreme

Court.

Petitioner filed the pending petition for a writ of habeas corpus on June 20, 2008. Respondent has filed a Motion for Summary Judgment, arguing that the petition is untimely. Petitioner has filed a reply to the Motion for Summary Judgment.

## II.

Respondent argues that the petition should be denied because it was not timely filed. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on habeas corpus petitions. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. (d)(1)(A).

In the pending case, Petitioner appealed his convictions to the Michigan Court of Appeals, which issued a final order denying the appeal on January 16, 2001. Michigan Court Rule 7.302(C)(3) allows a defendant fifty-six days from the date of the Michigan Court of Appeals' decision to file a delayed application for leave to appeal. Petitioner did not file an application for leave to appeal to the Michigan Supreme Court. Thus, his conviction became final when the time for seeking such review expired, March 13, 2001. *See Redmond v. Jackson*, 295 F. Supp. 2d 770, 767 (E.D. Mich. 2003) (Gadola, J.) (holding that conviction becomes final when the 56-day time period for filing a delayed application for leave to appeal in the Michigan Supreme Court expires); *Brown v. McKee*, 232 F. Supp. 2d 761, 765 (E. D. Mich. 2002) (Rosen, J.) (same); *Erwin v. Elo*, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001) (Tarnow, J.) (same). The

limitations period commenced the following day, March 14, 2001, and continued to run uninterrupted until it expired on March 14, 2002. Petitioner's habeas petition was filed on June 20, 2008, over six years after the limitations period expired.

Petitioner has filed a reply to Respondent's Motion for Summary Judgment. The reply, however, fails to address the timeliness of the petition or to assert any arguments for equitable tolling of the limitations period. Accordingly, the Court finds that the petition was not timely filed.

### III.

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). The Court concludes that it is presently in the best position to decide whether to issue a COA. *See id.* at 901, (*quoting Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir.1997)), overruled in part on other grounds by *Lindh v. Murphy*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.).

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case,

the Court concludes that reasonable jurists would not debate the court's conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability.

### IV.

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period, and that equitable tolling of the limitations period is not warranted.

Accordingly, **IT IS ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 24, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record and Billy Oliver by electronic means or U.S. Mail on April 24, 2009.

s/Carol A. Pinegar
Deputy Clerk